IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATEO GONZALEZ, ID # 65686-179, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-0802-N (BH) |
| | ) | ECF |
| DAVID BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of Action**

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

**B. Claims**

Petitioner claims that the Bureau of Prisons (BOP) has categorically denied him placement in a halfway house or Community Correction Center (CCC),[1] and he specifically challenges 28 C.F.R. §§ 570.20 and 570.21 (the 2005 regulations) and Program Statement (PS) 7310.04 concerning such placement. (*See generally* Pet.) His petition raises two issues: (1) whether the 2005

---

[1] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

regulations violate 18 U.S.C. § 3621(b) and (2) whether the Program Statement violates that statute. (*Id.* at 16, 20.) The first issue essentially arises from this Court's prior invalidation of the 2005 regulations in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.). (*See* Pet. at 18.) As relief, petitioner specifically asks the Court to (1) invalidate the 2005 regulations, (2) invalidate PS 7310.04, and (3) order the BOP to immediately consider him for CCC placement by evaluating in good faith the requirements of § 3621(b). (*Id.* at 1-2, 23.)

Because recent legislation renders the instant petition moot, thus depriving the Court of jurisdiction, it does not reach petitioner's arguments.

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)). Fed. R. Civ. P. 12(h)(3) requires the federal courts to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

Through the Second Chance Act which became effective April 9, 2008, Congress amended 18 U.S.C. § 3624(c)(1) so as to increase the maximum time for pre-release CCC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." *Santos v. Berkebile*, No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n.3 (N.D. Tex. June 5, 2008) (accepting findings of Mag. J.). As amended, § 3624(c) now includes a subsection (6), which provides:

> **(6) Issuance of regulations**.-- The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
> > (A) conducted in a matter consistent with section 3621(b) of this title;
> >
> > (B) determined on an individual basis; and
> >
> > (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

"In reaction to this statute, and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Miller v. Whitehead*, ___ F.3d ___, ____, Nos. 07-1651, 07-1652, 07-1653, 07-1654, 2008 WL 2220430, at *3 (8th Cir. May 30, 2008). The issued guidance also "includes an 'adjustment' to PS 7310.04, which states that 'RRC needs can usually be accommodated by a placement of six months or less,' and that placement in an RRC for more than six months must be approved in writing by a regional director of the BOP." *Id.* at *5 n.4.

Petitioner in this case challenges regulations and a program statement (28 C.F.R. §§ 570.20, 570.21 and PS 7310.04) that "have been 'effectively erased' by the Second Chance Act." *See John v. Berkebile*, No. 3:08-CV-0267-L, unpub. findings at 4 (N.D. Tex. May 21, 2008) (findings and

3

recommendation of Mag. J. not yet accepted by District Court). Since the enactment of the Second Chance Act, the BOP no longer follows the 2005 regulations or the relevant provisions of PS 7310.04. *Id.* The Second Chance Act has changed the legal landscape in such a manner as to render moot petitioner's challenges to sections 570.20 and 570.21 and PS 7310.04.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 23rd day of June, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE